EMN:BDM
F.#2013R01206

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
------------------------------X
```

UNITED STATES OF AMERICA

    - against -

CHARLES BLAZER,

        Defendant.

```
------------------------------X
```

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ NOV 25 2013 ★

BROOKLYN OFFICE

ORDER OF FORFEITURE

13 CR 602 (RJD)

      WHEREAS, on or about November 25, 2013, the defendant, CHARLES BLAZER entered a plea of guilty to Counts One through Ten of the above-captioned information, charging violations of 18 U.S.C. § 1962(d), 18 U.S.C. § 1349, 18 U.S.C. § 1956(h), 26 U.S.C. § 7201 and 31 U.S.C. § 5314; and

      WHEREAS, pursuant to 18 U.S.C. §§ 1963(a), 981(a)(1)(C), 982(a)(1) and 28 U.S.C. § 2461(c), the defendant has consented to the entry of a forfeiture money judgment in the amount of one million nine hundred fifty-eight thousand ninety-two dollars and seventy two cents ($1,958,092.72), which represents a portion of the monies that the defendant received from bribes, kickbacks and unauthorized World Cup ticket sales (the "First Forfeiture Money Judgment"), and to the entry of a second unspecified amount of U.S. currency to be determined by the Court reasonably in advance of sentencing to allow for payment in accordance with the terms set forth in paragraph 2 below (the "Second Forfeiture Money Judgment" and, together with the First Forfeiture Money Judgment, the "Forfeiture Money Judgments") as: (a) property that the defendant acquired an interest in and maintained in violation of 18 U.S.C. § 1962,

property that the defendant has an interest in, security of, claims against, and property and contractual rights that afford a source of influence over the enterprise that the defendant established, operated, controlled, conducted, and participated in the conduct of, in violation of 18 U.S.C. § 1962, property that the defendant derived from proceeds obtained, directly and indirectly, from racketeering activity, in violation of 18 U.S.C. § 1962, and/or as substitute assets in accordance with the provisions of 18 U.S.C. § 1963(m); (b) property, real or personal, which constitutes or is derived from proceeds traceable to the defendant's violation of 18 U.S.C. § 1349, and/or as substitute assets in accordance with the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c); and (c) property, real or personal, involved in the defendant's violation of 18 U.S.C. § 1956(h), or any property traceable to such property, and/or as substitute assets in accordance with the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b).

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

1. The defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgments, pursuant to 18 U.S.C. §§ 1963(a), 981(a)(1)(C), 982(a)(1) and 28 U.S.C. § 2461(c).

2. All payments made by the defendant towards the Forfeiture Money Judgments shall be made by certified or bank check, payable to the "United States Marshals Service and delivered by hand or overnight courier on or before the Applicable Due Date to Assistant United States Attorney Brian Morris, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, with the criminal docket number noted on the face of the

check.  The defendant shall pay the First Forfeiture Money Judgment in full on or before the date that he pleads guilty (the "First Due Date").  The defendant shall pay the Second Forfeiture Money Judgment in full on or before the date of sentencing (the "Second Due Date") (the "First Due Date" and "Second Due Date" referred to generally as the "Applicable Due Date").  The defendant acknowledges that the government, at its sole discretion, may seek to forfeit the amount of the Forfeiture Money Judgments through commencement of an administrative or civil forfeiture proceeding.  The defendant consents to the entry of an administrative declaration of forfeiture as to any payments made towards the Forfeiture Money Judgments and waives the requirements of 18 U.S.C. § 983 regarding notice of seizure in non-judicial forfeiture matters.  The defendant further waives the filing of a civil forfeiture complaint as to any payments made towards the Forfeiture Money Judgments in accordance with the procedures set forth in 18 U.S.C. § 983.  The defendant agrees to execute any documents necessary to effectuate the administrative or civil forfeiture of any payments made towards the Forfeiture Money Judgments.

    3. If either or both of the Forfeiture Money Judgments is or are not paid on or before the Applicable Due Date, interest shall accrue on any unpaid portion thereof at the judgment rate of interest from that date.  If the defendant fails to pay any portion of the Forfeiture Money Judgments on or before the Applicable Due Date, the defendant consents to the forfeiture of any other property of his up to the amount of the Forfeiture Money Judgments, pursuant to 18 U.S.C. § 1963(m) and 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act, or any other applicable law.

4

4.      The defendant agrees to fully assist the government in effectuating the payment of the Forfeiture Money Judgments by, among other things, executing any documents necessary to effectuate the transfer of title to the United States of any substitute assets, including but not limited to the defendant's pension from the Fédération Internationale de Football Association. The defendant agrees not to file or interpose any claim or to assist others to file or interpose any claim to any property against which the Government seeks to execute the Forfeiture Money Judgments in any administrative or judicial proceeding.

5.      The defendant shall fully assist the Government in effectuating the satisfaction of the Forfeiture Money Judgments. The defendant shall not file or interpose any claim or assist others to file or interpose any claim to any property against which the government seeks to execute the Forfeiture Money Judgments in any administrative or judicial proceeding.

6.      The failure of the defendant to forfeit any monies and/or properties as required under this agreement, including the failure of the defendant to execute any document to accomplish same on timely notice to do so, shall constitute a material breach of the defendant's agreement with the government. Upon such a breach, the defendant will not be entitled to withdraw the plea, but the Office may bring additional criminal charges against the defendant.

7.      The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture said monies and/or properties, including, but not limited to, any defenses based on principles of

5

double jeopardy, the ex post facto clause of the United States Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines. The defendant agrees that the entry or payment of the Forfeiture Money Judgments are not to be considered fines or a payment on any income taxes or civil penalties that may be due, and are exclusive of any criminal restitution and civil and tax penalties.

8. Upon entry of this Order, the United States Attorney General or his designee is authorized to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c).

9. The terms contained herein shall be final and binding only upon the Court's "so ordering" of this Order.

10. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), this Order of Forfeiture shall become final as to the defendant at the time of his sentencing and shall be made part of the defendant's sentence and included in his judgment of conviction. This Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

11. This Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

12. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Order.

13. The Clerk of Court shall send by inter-office mail six (6) certified copies of this executed Final Order of Forfeiture to the United States Attorney's Office, Eastern District

of New York, 271 Cadman Plaza East, 7th Floor, Brooklyn, New York, 11201, ATTN: FSA Paralegal Nicole Brown.

Dated: Brooklyn, New York
November 25, 2013

s/Raymond J. Dearie
HONORABLE RAYMOND J. DEARIE
UNITED STATES DISTRICT JUDGE